IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | ) ) ) | CIVIL NO. 12-00438 LEK-BMK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| PATRICK P., by and through his Parents, GORDEAN L.-W. and THOMAS W., | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS COMPLAINT**

On September 10, 2012, Defendants Patrick P. ("Student"), by and through his parents Gordean L.-W. and Thomas W. ("Parents", all collectively "Defendants"), filed their Motion to Dismiss Complaint ("Motion"). Plaintiff Department of Education, State of Hawai`i ("the DOE") filed its memorandum in opposition on October 24, 2012, and Defendants did not file a reply. On October 3, 2012, the Court issued an order finding this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Defendants' Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

The instant case is an appeal by the DOE of the Administrative Hearings Officer's ("Hearings Officer") July 6, 2012 Findings of Fact, Conclusions of Law and Decision ("Decision").[1]

## I.   Factual and Administrative Background

At the time of the Decision, Student was eighteen years old and, during the 2011-2012 school year, he was in the twelfth grade at a private school that he had been attending since the summer of 2004, which was the summer after his fourth grade year ("the Private School"). [Decision at 4.]

When he attended public elementary school, Student received special education and related services in the category of Specific Learning Disability ("SLD"). During Student's fourth grade year, a private psychologist ("Private Psychologist #1") diagnosed Student with Disorder of Reading, commonly known as Dyslexia, and Disorder of Writing, commonly known as Dysgraphia. During Student's fifth grade year, another private psychologist ("Private Psychologist #2") diagnosed Student with Attention Deficit Hyperactivity Disorder, Predominately Inattentive Type. [Id. at 4-6.]

"On or about December 2008, the DOE members of Student's [Individualized Education Program ("IEP")] team

---

[1] The Decision is attached to the Complaint as Exhibit A.

determined that Student no longer qualified for special education and related services.  Student's [Individuals with Disabilities Education Act of 2004 ("IDEA")] program and services were rescinded."  [Id. at 6.]

On or about February 24, 2010, the DOE and Student's Parents entered into a settlement agreement which, *inter alia*, addressed Student's tuition and related expenses at the Private School for the school years 2008-2009, 2009-2010, and 2010-2011. [Id. at 8.]

During Student's twelfth grade year, Private Psychologist #1 conducted a second evaluation of Student at Parents' request.  [Id.]  Parents informed the DOE of the results of that evaluation and requested that the DOE reevaluate Student. [Id. at 11.]  After a November 22, 2011 Student Support Team Meeting and two subsequent observations of Student at the Private School, an Eligibility Meeting was conducted for Student on January 10, 2012.  The DOE members of the Eligibility Team ultimately determined that Student did not meet the eligibility requirements for SLD, and that he was ineligible for special education and related services under Haw. Admin. R. Title 8, Chapter 23.[2]  [Id. at 11-14, 18.]

---

[2] Haw. Admin. R. Chapter 60 sets forth "the State of Hawai`i administrative rules that are equivalent to the IDEA and 34 C.F.R. Part 300."  [Decision at 18 n.23.]

On or about January 11, 2012, Defendants filed a request for impartial hearing. The Hearings Officer convened a due process hearing on May 3 and May 4, 2012. [Id. at 2-3.] The Hearings Officer described the issue as "[w]hether Student is eligible for special education and related services under the" IDEA. [Id. at 3.] The Hearings Officer ultimately found that "Student should have been found eligible for special education and related services under the category of SLD at the January 10, 2012 eligibility meeting" and that the finding of ineligibility denied Student a Free Appropriate Public Education ("FAPE"). [Id. at 29.] Further, the Hearings Officer found that Student's placement at the Private School was appropriate and ordered the DOE to reimburse Parents for Student's program and placement at the Private School for his twelfth grade year. [Id. at 30.]

## II. The Instant Case

The DOE filed its Complaint in the instant case on August 3, 2012. The Complaint states that the DOE seeks review and reversal of the Decision. [Complaint at ¶ 9.] The DOE alleges:

> 11. The Hearings Officer erroneously relied on purely speculative evidence submitted by Defendants in support of their claims;
>
> 12. Based on the purely speculative evidence, the Hearings Officer erroneously concluded that the Department of Education denied Patrick P. a free appropriate public education when he was found not eligible for special education and related services under the category

    of SLD at the January 10, 2012 eligibility
    meeting.

[Id. at pg. 3.]

  The DOE asks this Court to find:

    a. That at all times pertinent hereto, the
Department of Education properly determined that
Patrick P. did not meet eligibility requirements
under the category of SLD for special education
and related services pursuant to the IDEA and
H.A.R. §§ 8-60-38; 8-60-39; 8-60-40; 8-60-41; 8-60-42; 8-60-43.

    b. That the administrative decision dated
July 6, 2012 must be reversed;

    c. That the Department of Education is the
prevailing party; and

    d. That the Department of Education is
entitled to any other or further relief deemed
equitable by the Court herein.

[Id. at pg. 4.]

  The Complaint does not set forth any specific allegations regarding what evidence the Hearings Officer improperly considered, nor does it identify the allegedly erroneous findings of fact or conclusions of law.

  **A. Defendants' Motion**

  The crux of the instant Motion is Defendants' argument that "[t]he cursory allegations set forth in the complaint cannot withstand the standards required as set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)." [Mem. in Supp. of Motion at 1-2.]

Defendants argue that they cannot discern from the Complaint which of the Hearings' Officer's extensive findings were allegedly based upon the allegedly speculative evidence, or which of the extensive conclusions of law were allegedly derived from speculative evidence.  Defendants argue that this Court must dismiss the Complaint because the Complaint improperly requires Defendants to guess at the basis of the DOE's claims.  [Id. at 3.]  Defendants argue that the Complaint "is precisely the type of conclusory legal assertion that courts now routinely reject" as insufficiently pled under the Twombly, Iqbal, and Fed. R. Civ. P. 12(b)(6) standards.  [Id. at 7 (citation omitted).]

Defendants also argue that this Court cannot permit the DOE to amend its Complaint because amendment would be futile.  Defendants argue that amendment would be futile because the amended Complaint would be time-barred pursuant to 20 U.S.C. § 1415(f) and Haw. Admin. R. § 8-60-70, which required the DOE to appeal the Decision within thirty days.  By the time the DOE filed its amended Complaint, more than thirty days will have elapsed since the July 6, 2012 Decision.  [Id. at 8-9.]

Defendants therefore urge the Court to dismiss the DOE's Complaint without leave to amend.

### A. **The DOE's Memorandum in Opposition**

The DOE argues that Defendants' reliance on Twombly and Iqbal is misplaced because the Complaint in the instant case

merely states that the DOE is appealing an administrative decision against it; the Complaint does not set forth affirmative claims for relief, nor does it allege wrongdoing by Defendants. The DOE argues that the Complaint sufficiently provides Defendants with notice of the DOE's basic position that there was insufficient evidence to support the Hearings Officer's Decision. [Mem. in Opp. at 3-5.]

If the Court is inclined to conclude that the DOE was required to plead its position with more specificity, the DOE argues that the Court should grant leave to amend. The DOE argues that allowing leave to amend will not prejudice Defendants, particularly because the DOE will be required to file an opening brief that fully sets forth the DOE's arguments. Defendants will have ample time and opportunity to respond to those arguments in their answering brief. [Id. at 5.] Defendants therefore urge the Court to deny the instant Motion.

## **DISCUSSION**

This Court must review the sufficiency of the DOE's Complaint in the context of the Complaint's role in the IDEA process.

The party who is aggrieved by a hearings officer's findings and decision regarding an administrative IDEA complaint has the right to file a civil action with respect to the administrative complaint. 29 U.S.C. § 1415(i)(2)(A). A court's

7

inquiry in reviewing IDEA administrative decisions is twofold:

> "First, has the State complied with the procedures set forth in the Act? And second, is the individualized educational program developed through the Act's procedures reasonably calculated to enable the child to receive educational benefits?" [Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley, 458 U.S. 176, 206-07 (1982)] (footnotes omitted). "If these requirements are met, the State has complied with the obligations imposed by Congress and the courts can require no more." Id. at 207.

J.L. v. Mercer Island Sch. Dist., 592 F.3d 938, 947 (9th Cir. 2010) (some citations omitted). The burden of proof in IDEA appeal proceedings is on the party challenging the administrative ruling. Hood v. Encinitas Union Sch. Dist., 486 F.3d 1099, 1103 (9th Cir. 2007). The challenging party must show, by a preponderance of the evidence, that the hearings officer's decision should be reversed. J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist., 626 F.3d 431, 438 (9th Cir. 2010).

In the instant Motion, Defendants urge the Court to dismiss the Complaint because it does not comply with the Rule 12(b)(6) standard, as the standard is articulated in Twombly and Iqbal and their progeny. Rule 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]" This Court has set forth the standard applicable to a Rule 12(b)(6) motion to dismiss as follows:

> On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors

> v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 554, 127 S. Ct. 1955).

Enriquez v. Countrywide Home Loans, FSB, 814 F. Supp. 2d 1042, 1055 (D. Hawai`i 2011) (quoting Hawaii Motorsports Inv., Inc. v. Clayton Group Servs., Inc., 693 F. Supp. 2d 1192, 1195-96 (D. Hawai`i 2010)).

The Court notes that the DOE's Complaint neither states an affirmative claim for relief from Defendants, nor alleges that Defendants committed any misconduct, nor alleges that Defendants have some type of liability to the DOE.  The DOE's Complaint is more in the nature of a notice of appeal.  Thus, the Court questions whether the Twombly/Iqbal standard applies to this type of complaint.

The Court recognizes that some district courts have applied the Twombly/Iqbal standard to complaints seeking district court review of an administrative IDEA decision.  See, e.g., R.A. ex rel. Roshelle A. v. Amador Cnty. Unified Sch. Dist., No. CIV S-11-0080 KJM DAD, 2012 WL 844301 (E.D. Cal. Mar. 12, 2012).  In

that case, the district court denied the defendants' motion to dismiss as to the portion of the plaintiffs' complaint seeking review of the hearings officer's denial of their challenge to the adequacy of the school district's assessment of whether the student was eligible for IDEA services. Id. at *3-4. The district court, however, granted the defendants' motion to dismiss, with leave to amend, as to the issue whether the plaintiffs properly requested an independent educational evaluation at public expense. Id. at *4-5. Prior to addressing the merits of the defendants' motion to dismiss, the district court in R.A. recognized that:

> Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." [Iqbal, 129 S. Ct.] at 1950. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984). . . .

Id. at *2. To the extent that the Twombly/Iqbal standard applies to complaints seeking court review of administrative IDEA decisions, this Court agrees with the district court in R.A. that, in applying the Twombly/Iqbal standard, the Court must determine whether the factual allegations in the Complaint are sufficient in light of the issues of law raised in the Complaint.

The crux of the DOE's Complaint is that the Hearings Officer erred in concluding that the DOE denied Student a FAPE

10

because the Hearings Officer improperly relied upon speculative evidence offered by Defendants. [Complaint at ¶¶ 11-12.] It is true that the DOE did not identify specific evidence that the DOE alleges was speculative, and the DOE did not identify specific conclusions of law it asserts was based on the allegedly speculative evidence. This Court, however, concludes that the allegations in the Complaint are sufficient to alert Defendants to the DOE's position that the Hearings Officer's Decision is not supported by sufficient evidence and to allow Defendants to respond with a similarly general position that Defendants believe the Hearings Officer's Decision should be affirmed because it is supported by sufficient evidence. The Court also notes that the DOE will file an opening brief that sets forth their specific challenges to the Decision. Defendants will not have to set forth their specific positions until after they have reviewed the DOE's opening brief.

   Thus, based upon the nature of the procedures in IDEA appeals and based upon the relationship between the factual allegations and the legal issues that the DOE has raised, this Court CONCLUDES that the Complaint is sufficiently pled. Insofar as this Court has concluded that the Complaint is sufficiently pled, this Court need not address Defendants' argument that amendment of the Complaint would be futile.

**CONCLUSION**

On the basis of the foregoing, Defendants' Motion to Dismiss Complaint, filed September 10, 2012, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 5, 2012.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DEPARTMENT OF EDUCATION, STATE OF HAWAII V. PATRICK P., ETC., ET AL; CIVIL NO. 12-00438 LEK-BMK; ORDER DENYING DEFENDANTS' MOTION TO DISMISS COMPLAINT**